**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| INTERNATIONAL LICENSE EXCHANGE OF AMERICA, LLC<br><br>Plaintiff,<br><br>v.<br><br>ATN INTERNATIONAL, INC., COMMNET WIRELESS, LLC, CHOICE COMMUNICATIONS LLC, AND CHOICE COMMUNICATIONS, LLC,<br><br>Defendants. | **Civil Action No. _____**<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff International License Exchange of America, LLC ("ILEA" or "Plaintiff"), for its

Complaint against Defendant ATN International, Inc. ("ATNI"), Commnet Wireless, LLC

("Commnet"), Choice Communications LLC ("Choice Communications"), and Choice

Communications, LLC ("Choice Wireless"), (individually each a "Defendant" and collectively

"Defendants"), alleges the following:

### NATURE OF THE ACTION

1.   This is an action for patent infringement arising under the Patent Laws of the United

States, 35 U.S.C. § 1 *et seq*.

### THE PARTIES

2.   Plaintiff is a corporation organized under the laws of the State of Delaware with a

place of business at 10 Balligomingo Rd., West Conshohocken, PA 19428.

3.   Upon information and belief, ATNI is a corporation organized and existing under the

laws of Delaware, with a place of business at 600 Cummings Center Suite 268-Z, Beverly, MA

01915, and can be served through its registered agent, the Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801.  Upon information and belief, ATNI sells and offers to sell products and services throughout the United States, including in this judicial district, and introduces products and services into the stream of commerce and that incorporate infringing technology knowing that they would be sold in this judicial district and elsewhere in the United States.

4.   Upon information and belief, Commnet is a corporation organized and existing under the laws of Delaware, with a place of business at 400 Northridge Rd, Suite 325, Atlanta, GA 30350, and can be served through its registered agent, National Corporate Research, LTD., 850 New Burton Road, Suite 201, Dover, DE 19904.  Upon information and belief, Choice Wireless sells and offers to sell products and services throughout the United States, including in this judicial district, and introduces products and services into the stream of commerce and that incorporate infringing technology knowing that they would be sold in this judicial district and elsewhere in the United States.

5.   Upon information and belief, Choice Communications is a corporation organized and existing under the laws of Florida, with a place of business at 1810 Lakeland Hills Blvd. Lakeland, FL 33805, and can be served through its registered agent, Emilio Montero at 1810 Lakeland Hills Blvd., Lakeland, FL 33805.  Upon information and belief, Choice Communications sells and offers to sell products and services throughout the United States, including in this judicial district, and introduces products and services into the stream of commerce and that incorporate infringing technology knowing that they would be sold in this judicial district and elsewhere in the United States.

6.      Upon information and belief, Choice Wireless is a corporation organized and existing under the laws of U.S. Virgin Islands, with a place of business at Havensight Street, Al Cohen's Mall, Saint Thomas VI 00802.  Upon information and belief, Choice Wireless sells and offers to sell products and services throughout the United States, including in this judicial district, and introduces products and services into the stream of commerce and that incorporate infringing technology knowing that they would be sold in this judicial district and elsewhere in the United States.

## JURISDICTION AND VENUE

7.      This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

8.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). Further, the patent asserted has already been the subject of a case transferred to this Court under Case No.: 1:15−cv−00869−SLR.

9.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c), (d) and/or 1400(b).  On information and belief, each Defendant conducts business in this District, the claims alleged in this Complaint arise in this District, and the acts of infringement have taken place and are continuing to take place in this District.

10.      On information and belief, each Defendant is subject to this Court's general and specific personal jurisdiction because each Defendant has sufficient minimum contacts within the State of Delaware and this District, pursuant to due process and/or the Delaware Long Arm Statute because each Defendant purposefully availed itself of the privileges of conducting business in the State of Delaware and in this District, because each Defendant regularly conducts and solicits business within the State of Delaware and within this District, and because Plaintiff's

causes of action arise directly from each of Defendant's business contacts and other activities in

the State of Delaware and this District.  Further, this Court has personal jurisdiction over ATNI

because it is incorporated in Delaware and has purposely availed itself of the privileges and

benefits of the laws of the State of Delaware.

<b><u>COUNT I – INFRINGEMENT OF U.S. PATENT NO. RE40,999</u></b>

11.     The allegations set forth in the foregoing paragraphs 1 through 10 are

incorporated into this First Claim for Relief.

12.     On November 24, 2009, U.S. Patent No. RE40,999 ("the '999 patent"), entitled

"VLAN Frame Format," was duly and legally issued by the United States Patent and Trademark

Office.  A true and correct copy of the '999 patent is attached as Exhibit 1.

13.     The inventive embodiments of the '999 patent resolve technical problems related

to virtual local area network ("VLAN") and methods to format a data frame in VLAN network

devices.

14.     The claims of the '999 patent do not merely recite the performance of some

business practice known from the pre-Internet world along with a requirement to perform it on

the Internet.  Instead, the claims of the '999 patent recite one or more inventive concepts that are

rooted in computerized electronic data communications networks, and an improved method

operate such networks and to maintain the interoperability of different physical configurations of

such networks.

15.     The claims of the '999 patent recite an invention that is not merely the routine or

conventional use of electronic devices for communications.  Instead, among other things, the

invention adds new features to integrate Ethernet and other protocols together on a shared

network.  The '999 patent claims thus include improvements for, for example, formatting data

frames to yield a desired result.

16.     The technology claimed in the '999 patent does not preempt all ways of using computerized devices or transmitting information over networks, nor preempt any other well-known or prior art technology.

17.     Accordingly, each claim of the '999 patent recites a combination of elements sufficient to ensure that the claim in practice amounts to significantly more than a patent on an ineligible concept.

18.     Plaintiff is the assignee and owner of the right, title and interest in and to the '999 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

19.     Upon information and belief, each Defendant has and continues to directly infringe at least claims 1, 7, 11, and 12 of the '999 patent by making, using, selling, importing and/or providing and causing to be used without authority within the United States, a method to format a data frame in VLAN network devices; for example, depending on the physical configuration of a VLAN, the embodiments include a method to adjust the format of a data frame to reflect the characteristics of the particular physical configuration of the VLAN (the "Accused Instrumentalities").  The Accused Instrumentalities include at least Choice Wireless' communications network service (*e.g.* for Ethernet) that uses DragonWave Inc.'s products such as Horizon Compact and Horizon Quantum systems; and Commnet's Broadband Services (e.g. Connect Nevada) that practice the IEEE802.1Q VLAN tagging standard; and Commnet's interoperability with other broadband service provider's 802.1Q VLAN-compatible systems.

20.     In particular, claim 1 of the '999 patent generally recites a method of identifying a virtual network associated with a data frame when transmitting the data frame between a communications medium and a shared communications medium; where the method comprises:

Page 5 of 10

a) receiving the data frame from the communications medium, where the data frame includes a

first type field and a data field; b) inserting a second type field at a location within the data frame

preceding the first type field, a value of the second type field indicating the data frame include a

virtual network identifier field, c) inserting the virtual network identifier field at a location

between the second type field and the first type field; d) assigning a first value to the virtual

network identifier field, the first value corresponding to the virtual network; and e) transmitting

the data frame over the shared communications medium.

21.     On information and belief, the Accused Instrumentalities infringe at least claim 1

of the '999 patent.  (*See*, *e.g.*,

www.dragonwaveinc.com/system/files/choice_wireless_case_study2015.pdf and

http://investor.dragonwaveinc.com/releasedetail.cfm?ReleaseID=527819; and

http://www.gondwana.co.za/assets/PDFs/Dragonwave-Horizon-Product-Tech-Overview.pdf

(*e.g*. p. 5, 9, 13) (all accessed April 24, 2016); and

http://www.connectnv.org/sites/default/files/connected-

nation/Nevada/files/local_bb_projects_initiatives_nv_plan.pdf and

http://www.choicecommunicationsllc.com/products/high-speed-internet-access/;

http://www.puc.idaho.gov/fileroom/cases/tele/CGS/CGST1101/ordnotc/20110304FINAL_ORD

ER_NO_32198.PDF;

http://www.centurylink.com/business/networx/downloads/contract/Vol_1_Technical/3-

2_Service_Quality_and_Reliability_Approach_PS165.pdf (all accessed August 12, 2016). *Also*

*see* the IEEE Standard for Local and metropolitan area networks: Media Access Control (MAC)

Bridges and Virtual Bridge Local Area Networks, IEEE Std 802.1QTM-2011 (Revision of IEEE

Std 802.1Q-2005), 31 August 2011 (*e.g*. p. 1, 23, 98, 103-105, 149-150, 1269); IEEE Std

802.1QTM-2014; IEEE Std 802.3TM-2012 (*e.g*. p. 53); IEEE 802.1Q VLAN Tutorial (Graham

Shaw, *available at* http://www.microhowto.info/tutorials/802.1q.html, accessed April 4, 2016).)

22.     Claim 7 of the '999 patent generally recites the method of identifying a virtual

network associated with a data frame when transmitting the data frame between a

communications medium and a shared communications medium, where the method comprises:

a) receiving the data frame from the communications medium, the data frame including a length

field and a data field; b) inserting a type field at a location within the data frame preceding the

length field, a value of the type field indicating the data frame includes a virtual network

identifier field; c) inserting the virtual network identifier field at a location between the type field

and the length field, d) assigning a first value to the virtual network identifier field, the first value

corresponding to the virtual network; and e) transmitting the data frame over the shared

communications medium.

23.     On information and belief, the Accused Instrumentalities infringe at least claim 7

of the '999 patent. (*See*, *e.g*.,

ww.dragonwaveinc.com/system/files/choice_wireless_case_study2015.pdf and

http://investor.dragonwaveinc.com/releasedetail.cfm?ReleaseID=527819; and

www.gondwana.co.za/assets/PDFs/Dragonwave-Horizon-Product-Tech-Overview.pdf (*e.g*. p. 5,

9, 13) (all accessed April 24, 2016); and http://www.connectnv.org/sites/default/files/connected-

nation/Nevada/files/local_bb_projects_initiatives_nv_plan.pdf and

http://www.choicecommunicationsllc.com/products/high-speed-internet-access/;

http://www.puc.idaho.gov/fileroom/cases/tele/CGS/CGST1101/ordnotc/20110304FINAL_ORD

ER_NO_32198.PDF (all accessed August 12, 2016). *Also see* the IEEE Standard for Local and

metropolitan area networks: Media Access Control (MAC) Bridges and Virtual Bridge Local

Area Networks, IEEE Std 802.1QTM-2011 (Revision of IEEE Std 802.1Q-2005), 31 August

2011 (*e.g.* p. 1, 23, 98, 103-105, 149-150, 1269); IEEE Std 802.1QTM-2014; IEEE Std

802.3TM-2012 (*e.g.* p. 53); IEEE 802.1Q VLAN Tutorial (Graham Shaw, *available at*

http://www.microhowto.info/tutorials/802.1q.html, accessed April 4, 2016).)

24.     Claim 11 of the '999 patent generally recites, in a network device, a method of

transmitting a virtual network identifier in a data frame transmitted on a shared communications

medium coupled to the network device, comprising: a) transmitting a preamble field, b)

transmitting a destination and source media access control address field; c) transmitting a first

type field whose contents indicate the virtual network identifier is present in the data frame; d)

transmitting a virtual network identifier field containing the virtual network identifier; e)

transmitting a second type field whose contents indicate a protocol type associated with the data

frame; and, f) transmitting a data field.

25.     On information and belief, the Accused Instrumentalities infringe at least claim 11

of the '999 patent. (*See*, *e.g*.,

ww.dragonwaveinc.com/system/files/choice_wireless_case_study2015.pdf and

http://investor.dragonwaveinc.com/releasedetail.cfm?ReleaseID=527819; and

http://www.gondwana.co.za/assets/PDFs/Dragonwave-Horizon-Product-Tech-Overview.pdf

(*e.g.* p. 5, 9, 13) (all accessed April 24, 2016); and

http://www.connectnv.org/sites/default/files/connected-

nation/Nevada/files/local_bb_projects_initiatives_nv_plan.pdf and

http://www.choicecommunicationsllc.com/products/high-speed-internet-access/;

http://www.puc.idaho.gov/fileroom/cases/tele/CGS/CGST1101/ordnotc/20110304FINAL_ORD

ER_NO_32198.PDF;

http://www.centurylink.com/business/networx/downloads/contract/Vol_1_Technical/3-2_Service_Quality_and_Reliability_Approach_PS165.pdf (all accessed August 12, 2016). *Also see* the IEEE Standard for Local and metropolitan area networks: Media Access Control (MAC) Bridges and Virtual Bridge Local Area Networks, IEEE Std 802.1QTM-2011 (Revision of IEEE Std 802.1Q-2005), 31 August 2011 (*e.g.* p. 1, 23, 98, 103-105, 149-150, 1269); IEEE Std 802.1QTM-2014; IEEE Std 802.3TM-2012 (*e.g.* p. 53); IEEE 802.1Q VLAN Tutorial (Graham Shaw, *available at* http://www.microhowto.info/tutorials/802.1q.html, accessed April 4, 2016).)

26.     Claim 12 of the '999 patent generally recites the method of claim 11, wherein the virtual network identifier field is 4 bytes.

27.     On information and belief, the Accused Instrumentalities infringe at least claim 12 of the '999 patent. (*See*, *e.g.*, the IEEE Standard for Local and metropolitan area networks: Media Access Control (MAC) Bridges and Virtual Bridge Local Area Networks, IEEE Std 802.1QTM-2011 (Revision of IEEE Std 802.1Q-2005), 31 August 2011 (*e.g.* p. 1, 23, 98, 103-105, 149-150, 1269); IEEE Std 802.1QTM-2014; IEEE Std 802.3TM-2012 (*e.g.* p. 53); IEEE 802.1Q VLAN Tutorial (Graham Shaw, *available at* http://www.microhowto.info/tutorials/802.1q.html, accessed April 4, 2016).)

28.     On information and belief, these Accused Instrumentalities are used marketed, provided to, and/or used by or for each of Defendant's partners, clients, customers and end users across the country and in this District.

29.     Plaintiff has been harmed by Defendants' infringing activities.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment for itself and against Defendants as follows:

A.      An adjudication that each Defendant has infringed the '999 patent;

B.      An award of damages to be paid by Defendants adequate to compensate Plaintiff for  Defendants' past infringement of the '999 patent, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C.      A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Plaintiff's reasonable attorneys' fees; and

D.      An award to Plaintiff of such further relief at law or in equity as the Court deems just and proper.


Dated: August 15, 2016                    DEVLIN LAW FIRM LLC


                                          */s/ Timothy Devlin*
                                          Timothy Devlin (#4241)
                                          tdevlin@devlinlawfirm.com
                                          1306 N. Broom St., 1st Floor
                                          Wilmington, Delaware 19806

                                          Telephone: (302) 449-9010
                                          Facsimile: (302) 353-4251

                                          *Attorneys for Plaintiff International License*
                                          *Exchange of America, LLC*